UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRICK JONES, #281804,

    Plaintiff,

                                    CASE NO. 2:17-CV-13446
v.                              HONORABLE VICTORIA A. ROBERTS

OPEN ARMS,

    Defendant.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE, DISMISSING THE CIVIL RIGHTS COMPLAINT, AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH</u>**

I.

Michigan prisoner Rodrick Jones ("Plaintiff") has filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against the Open Arms half-way house concerning a 2016 bed bug incident. Plaintiff asserts that he suffered physical injury which required medical care and seeks monetary damages. Plaintiff asks to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). Having reviewed the matter, the Court denies Plaintiff leave to proceed without prepayment of the filing fee, dismisses without prejudice his Civil Rights Complaint pursuant to 28 U.S.C. § 1915(g), and concludes that an appeal from this decision cannot be taken in good faith.

II.

Under the Prison Litigation Reform Act ("PLRA") of 1996, a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

The Court's records reveal that Plaintiff has filed more than three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *Jones v. White*, No. 10-CV-15156 (E.D. Mich. Nov. 10, 2011); *Jones v. White*, No. 10-CV-12308 (E.D. Mich. Aug. 18, 2010); *Jones v. Brown*, No. 10-CV-12391 (E.D. Mich. Aug. 16, 2010). Plaintiff has also previously been denied leave to proceed without prepayment of the filing fee for having three strikes. *Jones v. Mt. Pleasant Police Dept.*, No. 12-CV-14541 (E.D. Mich. Oct. 24, 2012); *Jones v. White*, No. 12-CV-12125 (E.D. Mich. May 31, 2012); *Jones v. White*, No. 12-CV-12194 (E.D. Mich. May 30, 2012). Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee for this civil action unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within the statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist when the complaint is filed.

*See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient. *Id*. Plaintiff's allegations concern a 2016 bed bug incident and minor injury. He does not allege facts which show that he is now under imminent danger of serious physical injury so as to fall within the exception to the three strikes rule. He is thus not allowed to proceed without prepayment of the filing fee and his case must be dismissed.

III.

The Court concludes that Plaintiff has filed more than three previous lawsuits which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted and that he fails to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes rule. Accordingly, the Court **DENIES** Plaintiff leave to proceed without prepayment of the filing fee for this action and **DISMISSES** his Civil Rights Complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new case with full payment of the $350.00 filing fee and the $50.00 administrative fee. Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3). This case is closed.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: October 25, 2017